In re Mitchell Luke PATIN, Debtor.

Bankruptcy No. 94–12623.

United States Bankruptcy Court,
N.D. California.

June 13, 1995.

540

Ray H. Olmstead, Santa Rosa, CA, for Debtor.

Special Assistant U.S. Attorney, Lori M. Mersereau, Sacramento, CA, for Creditor Internal Revenue Service.

## MEMORANDUM OF DECISION

ALAN JAROSLOVSKY, Bankruptcy Judge.

The Internal Revenue Service has objected to the debtor's Chapter 13 plan because it proposes to separately classify tax penalties and pay nothing on them, while paying 100% to other unsecured claims. While the issue does not seem to be completely resolvable based on briefs, the court will do as much as it can.

The court first notes that section 1322(a)(2) of the Bankruptcy Code requires that a Chapter 13 plan must provide for all priority claims to be paid in full. Section 507(a)(8)(G) provides that tax penalties are entitled to priority if in compensation for actual pecuniary loss. The court therefore assumes that the penalties at issue here are pure penalties, and in no way required to make the IRS whole.

The issue is simple to state. Given that the debtor can only afford a fixed amount to be paid to creditors, may he elect to pay all creditors in full and nothing on a pure penalty, or must the penalty be paid from the same pot so that all creditors receive less than full payment?

The court disagrees with the IRS that the Chapter 7 provisions of the Code are irrelevant. Section 1325(a)(4) of the Code requires the court to consider each claimant's dividend in Chapter 7 in determining whether a plan should be confirmed. The fact that the penalty claim of the IRS would be subordinated to the other claims pursuant to section 726(a)(4) is therefore very relevant to a Chapter 13 proceeding.

Section 1322(b)(1) of the Code permits the debtor to separately classify claims, so long as such classification does not unfairly discriminate against the claimant. It is difficult for the court to see how the discrimination against the penalty claims proposed by the debtor is unfair to the IRS, since the Bankruptcy Code, in at least the two places discussed above, itself discriminates against penalty claims. Moreover, the result of such discrimination is not the enrichment of the debtor, but rather the ability of the debtor to pay all claims based on pecuniary losses in full.

Contrary to the position taken by the IRS in this case, a Chapter 13 plan may discriminate against nonpecuniary tax penalty claims. *Burden v. U.S.*, 917 F.2d 115, 119 (3rd Cir. 1990). The court finds that the purpose of discrimination in this case—to pay pecuniary loss claims in full—is a valid and equitable purpose. Therefore, if all of the other provisions of Chapter 13 are met, the plan will be confirmed.

Because the court is unclear whether there are any disputed factual issues related to the plan, it will set a final confirmation hearing for July 24, 1995, at 9:00 A.M. At that hearing, it will be deemed without controversy that the nonpecuniary tax penalty claims of the IRS may be separately classified and paid nothing if the plan meets the requirements of the Bankruptcy Code. If the IRS does not desire a final hearing, and if the Chapter 13 trustee recommends confirmation, the plan will be confirmed without a further hearing.

Counsel for the debtor shall submit an appropriate form of order after consulting with counsel for the IRS and the Chapter 13 trustee.