**In re Jill D. HILL, Debtor.**

**No. 00–11847.**

United States Bankruptcy Court,
N.D. California.

Nov. 27, 2000.

**580**

Michael C. Fallon, Law Offices of Michael C. Fallon, Santa Rosa, CA, for debtor.

Michael H. Meyer, Santa Rosa, CA, trustee.

Memorandum re Confirmation of Plan

ALAN JAROSLOVSKY, Bankruptcy Judge.

Debtor Jill Hill has minimal assets, all of which are exempt. She has filed a Chapter 13 plan which provides for payment in full of three credit card debts which Hill incurred using her mother's credit cards. The other unsecured debts are separately classified and are to be paid nothing, which is the amount they would receive if this were a Chapter 7 case. The Chapter 13 trustee has objected to the plan. He argues that the plan discriminates unfairly between creditors.

This dispute is governed by § 1322(b)(1) of the Bankruptcy Code, which provides:

> (b) Subject to subsections (a) and (c) of this section, the plan may—

> (1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated; however, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims.

All of the language after "designated" was added by amendment in 1984.

█ In the very rare case, discrimination between unsecured debt is fair. See, e.g., this court's decision in *In re Patin,* 201 B.R. 539 (Bkrtcy.N.D.Cal.1995). However, almost all of the time such discrimination is unfair, even when the debt to be paid is child support or a student loan. *In re Sperna,* 173 B.R. 654 (9th Cir. BAP 1994); *In re Burns,* 216 B.R. 945 (Bkrtcy. S.D.Cal.1998). The crux of this case is the statutory construction of § 1322(b)(1), as amended. The issue is whether discrimination in favor of a consumer debt with a co-debtor still has to be fair.

█ The statute clearly exempts co-debtor debt from the fairness requirement. The use of the word "however" creates an unambiguous exception to the general requirement of fairness. The intent of the statute is clear: a fairness inquiry is not required where the basis of the separate classification is the existence of a co-debtor. In this regard, the court believes that the district court in *In re Gonzales,* 172 B.R. 320, 329 (E.D.Wash.1994), got it

wrong when it required the debtor to justify the fairness of separate classification of a co-signed consumer debt.

This conclusion is nothing more than giving proper effect to a simple and unambiguous statute. It does not mean that in all cases a plan which separately classifies co-signed debt must be confirmed, but only that the basis of denial of confirmation may not be unfairness to the other unsecured debt. The debtor still must convince the court that the plan has been proposed in good faith. 11 U.S.C. § 1325(a)(3). In the unusual case where the debtor is ineligible for Chapter 7,[1] the court might well find that a plan which discriminated between unsecured debt was a bad faith manipulation of the Bankruptcy Code which required its rejection. However, in the ordinary case where the debtor has a Chapter 7 option and the other creditors would get nothing in Chapter 7 anyway confirmation may not be denied just because the plan separately classifies co-signed debt, and the court may not impose the fairness test on the classification.

For the foregoing reasons, the trustee's objection will be overruled and the plan confirmed. Counsel for the debtor shall submit an appropriate form of order.

---

1. For instance, if the debtor had a recent prior Chapter 7 discharge or had been denied Chapter 7 relief pursuant to § 707(b).